SUMMERS, Justice.
Robert Lee Crayton was charged by bill of information with armed robbery. He was tried by a jury, convicted and sentenced to eighteen years at hard labor in the state penitentiary.
On this appeal defendant urges that the trial court committed error in two respects:
1. Allowing introduced in evidence a key fitting a box owned by the store in which the victim worked, thereby causing the jury to be prejudiced against defendant. The trial court at least should have instructed the jury as to an appropriate purpose for which the key could have been introduced.
2. Refusing to allow defendant’s employed counsel to withdraw from the case before trial, thereby causing defendant to be represented by an unwilling and ineffective attorney, in violation of his constitutional rights.
The first contention is based upon Bill of Exceptions No. 1 which was reserved when the State’s attorney called Sam Miciotto, one of the proprietors of a grocery store where the robbery was staged. According to the evidence attached to this bill, defendant, armed with a hand gun, entered the grocery store and demanded of two women clerking there that they hand over a cash box which he apparently knew to be secreted beneath the counter. He then fled the scene. Sixty-three dollars in cash, two keys and a lock were recovered by police from defendant’s automobile after he was apprehended. The cash, of course, could not be identified. However, Miciotto had several duplicates of one of the keys, all of which fit another cash box containing larger sums of money which Miciotto had in another room at the time of the robbery.
The State’s attorney produced the key recovered from the robbery loot, which Miciotti identified as a duplicate of those in his possession. It was then demonstrated by comparison that these keys were identical. When the State’s attorney sought to introduce the key, defendant objected.
Defendant objected to the introduction of the key because it was not identified as the key taken from the store; the key was never proven to be one of the many duplicate keys which fitted the cash box and the exhibition and identification of the key by this witness was inadmissible, prejudicial and detrimental to the defendant on account of its influence upon the jury.
The key was being introduced for the specific purpose of identifying it as a key taken from the store. And the evidence amply supports the conclusion that the key found in defendant’s car with the cash was properly identified as a key taken from *380 the store where the robbery occurred. This proof was accomplished by the testimony of Miciotto and by comparison of the key with the key in his possession. Our appreciation of the evidence supports the conclusion that identification of the key as part of the robbery loot was proven.
Thus, we cannot approve an argument that the key should not have been introduced in evidence because it was never proven to be one of many duplicate keys which fitted the cash box. Whether a fact is proven, insofar as it bears upon guilt or innocence, is a question for the jury. Our ■concern in this review is to ascertain the relevancy of the fact offered in evidence. Since our appreciation of the evidence supports the conclusion that identification of the key as part of the robbery loot was proven, the relevancy of the evidence is manifest.
Undoubtedly the evidence was prejudicial to the defendant, but its relevancy makes it legitimate evidence intended to have that very effect. All evidence which convicts is prejudicial, but it is not for that reason illegitimate.
The second contention that refusing to allow defendant’s employed counsel to withdraw from the case before trial caused defendant to be represented by an unwilling and ineffective attorney is also without merit. No objection was made to the ■Court’s ruling refusing to permit defense counsel to withdraw, and no bill of exceptions has been perfected which could serve as a basis for this contention. We cannot, therefore, consider the matter. La.Const. art. 7, § 10; La.Code Crim.Proc. arts. 854, 920 and 921.
The conviction and sentence are affirmed.